[Cite as *State v. Higgins*, 2017-Ohio-909.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28215 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| THOMAS D. C. HIGGINS | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 02 0487 |

DECISION AND JOURNAL ENTRY

Dated: March 15, 2017

HENSAL, Presiding Judge.

{¶1} Thomas Higgins appeals a judgment of the Summit County Court of Common Pleas that denied his petition to vacate or set aside judgment of conviction or sentence. For the following reasons, this Court affirms.

I.

{¶2} In 2011, a jury found Mr. Higgins guilty of felonious assault and a related firearm specification. The trial court sentenced him to a total of eight years imprisonment. This Court affirmed his conviction and sentence on appeal. *State v. Higgins*, 9th Dist. Summit No. 26120, 2012-Ohio-5650.

{¶3} On February 22, 2016, Mr. Higgins filed a petition to vacate or set aside judgment of conviction or sentence. The State opposed his petition, arguing that it was untimely under Revised Code Section 2953.23. Upon review, the trial court concluded that the petition was

untimely. It, therefore, denied Mr. Higgins relief. Mr. Higgins has appealed, assigning two errors that this Court will address together for ease of consideration.

II.

ASSIGNMENT OF ERROR I

THE DEFENDANT WAS NOT AFFORDED A FAIR TRIAL AND THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNCIL (SIC) GUARANTEED BY THE SIXTH AMENDMENT.

ASSIGNMENT OF ERROR II

THE DEFENDANT WAS NOT AFFORDED DUE PROCESS OF THE LAW GUARANTEED BY THE FOURTEENTH AMENDMENT.

{¶4} Mr. Higgins argues that he was not afforded a fair trial or the right to effective counsel. Specifically, he argues that his counsel should have sought more discovery and filed pre-trial motions. He also argues that he was not allowed to inspect or examine any of the evidence that the State intended to use against him at trial. He further argues that the trial court should have accepted his untimely petition.

{¶5} Under Revised Code Section 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 365 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 365 days after the expiration of the time to file an appeal. The trial court is not permitted to consider petitions filed outside of this period unless the petitioner was unavoidably prevented from discovering the facts on which he relies or, subsequent to the expiration of the deadline, the United States Supreme Court recognizes a new federal or state right that applies retroactivity to people in the petitioner's situation and the petition asserts a claim based on the new right. R.C. 2953.23(A)(1)(a). The petitioner must also show "by clear and convincing evidence that, but for constitutional error at

trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶6} In his petition, Mr. Higgins did not allege that there is a new federal or state right that applies to his situation. He also did not allege that he was unavoidably prevented from discovering the facts upon which he relies in support of his petition. Although he makes a blanket assertion that none of his arguments were apparent at the time of trial, it is insufficient to demonstrate that he was unavoidably prevented from discovering the facts that support his petition. *State v. Phillips*, 9th Dist. Summit No. 27733, 2016-Ohio-1198, ¶ 20, citing *State v. Jalowiec*, 9th Dist. Lorain No. 02CA008130, 2003-Ohio-3152, ¶ 8.

{¶7} Upon review of the record, we conclude that Mr. Higgins did not file his petition for post-conviction relief within the time required by Section 2953.21(A)(2). He also failed to establish grounds for filing an untimely petition under Section 2953.23(A). The trial court, therefore, correctly determined that it lacked authority to consider his petition. Mr. Higgins's assignments of error are overruled.

## III.

{¶8} Mr. Higgins's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

THOMAS D. C. HIGGINS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.